IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| KIMBERLY A. GARCIA, | § |
| | § |
| Plaintiff, | § CIVIL ACTION NO. |
| | § |
| V. | § |
| | § |
| EHEALTHSCREENINGS, L.L.C., | § JURY TRIAL DEMANDED |
| JASON MORGESE, and ANASTASIA | § |
| TROXEL, Individually and in their | § |
| Official Capacity, | § |
| | § |
| Defendants. | § |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

KIMBERLY A. GARCIA, hereinafter called Plaintiff, brings this Fair Labor Standards Act ("FLSA") suit against EHEALTHSCREENINGS, L.L.C., JASON MORGESE, and ANASTASIA TROXEL, individually and in their official capacity, hereinafter called Defendants, and for cause of action shows unto the Court the following:

### INTRODUCTION

1. This lawsuit is brought as an individual action by Plaintiff to vindicate her wrongful discharge pursuant to the laws identified herein and under the FLSA to recover wages owed to Plaintiff.

2. EHEALTHSCREENINGS, L.L.C. is one of the nation's leading providers of comprehensive wellness screening services that specializes in the facilitation of on-site biometric

data collection and transfer for third party administrators, wellness providers, Fortune 100 companies, and other businesses. EHEALTHSCREENINGS, L.L.C.'s policy and practice is to deny earned wages and overtime pay to employees retaliate against them. Defendants' deliberate failure to pay employees their earned wages and overtime compensation violates the FLSA. Plaintiff now brings this action on behalf of herself and all others similarly situated.

3. JASON MORGESE is the President of EHEALTHSCREENINGS, L.L.C. that specializes in the facilitation of on-site biometric data collection and transfer for third party administrators, wellness providers, Fortune 100 companies, and other businesses. EHEALTHSCREENINGS, L.L.C.'s policy and practice is to deny earned wages and overtime pay to employees retaliate against them. Defendants' deliberate failure to pay employees their earned wages and overtime compensation violates the FLSA. Plaintiff now brings this action on behalf of herself and all others similarly situated.

4. ANASTASIA TROXEL is the Vice President of Operations of EHEALTHSCREENINGS, L.L.C. that specializes in the facilitation of on-site biometric data collection and transfer for third party administrators, wellness providers, Fortune 100 companies, and other businesses. EHEALTHSCREENINGS, L.L.C.'s policy and practice is to deny earned wages and overtime pay to employees and retaliate against them. Defendants' deliberate failure to pay employees their earned wages and overtime compensation violates the FLSA. Plaintiff now brings this action on behalf of herself and all others similarly situated.

## JURISDICTION AND VENUE

5. The subject matter in controversy is within the jurisdictional limits of this Court.

6. The FLSA authorizes Court actions by private parties to recover damages for violation of the FLSA's wage and hour and retaliation provisions. Jurisdiction over Plaintiff's

FLSA claim is based on 29 U.S.C. §216(b) and 28 U.S.C. 1331.

7.      Venue in this district is proper pursuant to 28 U.S.C. §1391(b) and (c) because EHEALTHSCREENINGS, L.L.C. conducts business in this district.

## PARTIES AND SERVICE

8.      Plaintiff, KIMBERLY A. GARCIA, is an individual who resides in San Antonio, Texas.

9.      Defendant, EHEALTHSCREENINGS, L.L.C., is a Domestic Limited Liability Company (LLC) qualified to do business in Texas, and may be served with process by serving its Registered Agent for service, Lawrence P Morris, by certified mail, return receipt requested, at the following address: 601 N.W. Loop 410, Ste. 325, San Antonio, TX 78216.

10.     Defendant, JASON MORGESE, is an individual who resides in San Antonio, Texas and may be served with process at 601 N.W. Loop 410, Ste. 325, San Antonio, TX 78216.

11.     Defendant, ANASTASIA TROXEL, is an individual who resides in San Antonio, Texas and may be served with process at 601 N.W. Loop 410, Ste. 325, San Antonio, TX 78216.

## FACTS

12.     Plaintiff was twenty-four (24) years old at the time of her unlawful discharge from Defendants.

13.     Plaintiff is a Hispanic female.

14.     Plaintiff was hired by Defendant, EHEALTHSCREENINGS, L.L.C., on or about April 25, 2012.

15.     At the time of discharge, Plaintiff worked as a Project Coordinator for Defendant. Plaintiff's job was non-exempt.

16.     The environment and culture of the workplace at Defendants office was such that

employees were expected to work more than 40 hours a week and "do whatever it takes to get the job done" but were not expected to report the hours over 40 in a workweek. Various employees informed Plaintiff that she should not report her hours worked over forty. In this regard, Defendants create an environment of hostility regarding the proper payment of wages for actual hours worked.

17. On or about June 15, 2012, Plaintiff had already accumulated approximately 55 work hours for the week. Plaintiff spoke to one of her managers, Erin Shipp, and told her that she will only work the additional hours that Friday if she is guaranteed the overtime pay. However, Shipp informed Plaintiff that she will not be paid a time and a half for the overtime hours worked that day. Plaintiff protested this illegal activity.

18. In an effort to avoid paying overtime, on or about June 18, 2012, Plaintiff was asked to meet with Vice President of Operations, Anastasia Troxel, where Troxel asked that Plaintiff became a salaried employee with an annual gross salary of $32,000. Defendants made this offer in an attempt to avoid overtime since they stated that Plaintiff would not receive overtime for the new pay structure but her duties would remain the same. Defendants made the offer knowing the position was a non-exempt position and did so only for the purpose to attempt to usurp overtime laws. Plaintiff, aware she was non-exempt, calculated that if she worked the amount of hours of overtime that Defendants required of her at the rate being offered it would be better for her to remain hourly. Plaintiff discussed the overtime time obligations owed by Defendants if her duties remained the same and this only caused more distress and confusion with Defendants. Plaintiff made a counter-offer of an annual gross salary of $36,000 plus additional managerial authority and duties to enable her to be exempt from overtime laws. Defendants were visibly hostile about Plaintiff requesting an amount which reflected what she

would be entitled to earn with overtime. Accordingly, several hours later, Troxel told Plaintiff that the President, Jason Morgese, was retaining her as an hourly-paid employee. From this point forward Plaintiff began experiencing constant and pervasive retaliation for having spoken up about her legal entitlement and Defendants obligation to be pay overtime for hours worked in excess of 40 in a week.

19. Plaintiff began experiencing significant and severe retaliation after this event. In this regard, Plaintiff experienced, among other things, constant supervision, being singled out for a variety of trivial issues, being instructed to specifically engage in certain activity and subsequently being counseled for the same activity, being singled out for her time management, weekly discussions about her time management, weekly discussions about her actual time card, weekly conversations about food breaks, lunch breaks and the times associated with same. Other employees were not counseled about these items. When Plaintiff protested the retaliation, Plaintiff was informed that she was "too sensitive" and "too emotional" about theses and these matters. Plaintiff did not receive this treatment or harassment prior to her overtime requests.

20. Contrarily, other employees continued to work "off the clock" without incident because they would not request the overtime they were owed. Those employees were rewarded with praise and/or promotion.

21. An example, plaintiff was singled out and asked that Erin Shipp be sent a courtesy copy of every email sent even though this was not the protocol before. Not one other employee was required to do this. Defendants were implying that Plaintiff was potentially committing errors. The requirement to have Plaintiff do this was a pretext. It was not legitimate. It was done solely for the purpose of retaliating, annoying, harassing and upsetting Plaintiff in order to have Plaintiff quit or become insubordinate.

22.     Upon information and belief, other employees were informed that this pattern and scheme of harassment was being thrust upon Plaintiff in an effort to make her quit or become insubordinate.

23.     An example of an additional event surrounding overtime occurred on or about July 31, 2012, when Plaintiff confronted Troxel about the discrepancy on her paystub that indicated she was given 5.5 hours of paid time off ("PTO") instead of overtime pay. This further enraged Defendants. This resulted in continued and further exacerbated the retaliatory treatment.

24.     Another example of the illegal animus of Defendants unwillingness to pay overtime. On or about October, 2012, Plaintiff was specifically instructed that she must not stay 15 minutes after having worked 8.5 hours in a day because she will not be paid the additional .25 overtime hours accumulated daily. Other employees would work until 15-30 minutes or more late everyday but they would not accurately record their time for fear of retaliation.

25.     A further example of the Defendants illegal animus, on or about November 14, 2012, Plaintiff requested for two day-offs the week of November 20th since she has been given PTOs. However, Troxel informed Plaintiff that she currently have a negative balance in her PTO account, and as a result, she in unable to claim her PTOs. The reason the PTO account inaccurate was due to Defendants illegal payment of overtime through the PTO account and the improper accounting of the PTO account resulting from negligent or fraudulent payroll accounting.

26.     Again an example of the ramping up of focus on writing of Plaintiff occurred when Plaintiff was written up for leaving at 3:30 pm on November 21st even though Plaintiff had been informed that the 21st would be a half workday. Other workers left early that day.

27.     Defendants continued with their pattern of reprisals filled with hate and malice toward Plaintiff. This culminated on or about December 3, 2012, when Plaintiff wrote an email

to Morgese in regards to the hostile work environment and workplace harassment that have escalated since Plaintiff made an inquiry about her overtime pay. Immediately after, Plaintiff had a meeting with management and was given the ultimatum of either accepting termination or resigning with a 2-week pay. Plaintiff was left with no other choice but to resign with a 2-week pay effective immediately. Plaintiff's unwarranted and illegal treatment, especially on the heels of a lawful report of discriminatory practice, is illegal retaliation.

## CAUSES OF ACTION

### COUNT I

**Violation of the Fair Labor Standards Act (FLSA) of 1938**
**Violation of the FLSA's Overtime Requirements**

28.     Plaintiff reasserts and re-alleges the allegations set forth in all preceding paragraphs.

29.     At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§201, et seq.

30.     The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods form commerce or employed in an enterprise engaged in commerce or in the production of goods for commerce, 29 U.S.C. §207(a)(1).

31.     Defendants are subject to the regular and overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

32.     Defendants violated the FLSA by failing to pay Plaintiff regular and overtime compensation in accordance with 29 U.S.C. §206(1)(c), §207(a)(1) and §207(e). In the course of

perpetrating these unlawful practices, Defendants also willfully failed to keep accurate records of all hours worked by Plaintiff.

33. Section 13 of the FLSA, codified at 29 U.S.C. §213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiff.

34. Plaintiff is entitled to damages equal to the mandated wage and overtime premium pay within the three (3) years preceding the filing of her Original Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard of whether its conduct was prohibited by the FLSA.

35. Defendants have acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. §216(b). Alternatively, should the Court find that Defendants did not act willfully in failing to pay overtime pay, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

36. As a result of the aforesaid willful violations of the FLSA's regular and overtime pay provisions, regular and overtime compensation have been unlawfully withheld by Defendants from Plaintiff. Accordingly, Defendants are liable pursuant to 29 U.S.C. §216(b), together with an additional amount as liquidated damages pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

## COUNT II

## Violation of the Anti Retaliation Provision of the Fair Labor Standards Act (FLSA) of 1938 Section 215(a)(3) et seq

37.     Plaintiff reasserts and re-alleges the allegations set forth in all preceding paragraphs.

38.     Plaintiff complained orally and in writing that she was entitled to overtime wages and was owed compensation or words to that effect.

**39.**     Plaintiff was terminated in retaliation for requesting proper overtime compensation and reporting and complaining about the illegal procedures. Defendants have willfully violated the FLSA by retaliating and terminating Plaintiff for requesting overtime and/or making a report and complaining about the overtime pay practices of Defendants. Plaintiff has suffered and is entitled to all consequential damages that flow from this malicious hateful act by Defendants including all lost wages in the past and future, and any overtime related therto. Further, since Defendants did not act in good faith and Plaintiff is therefore entitled to an equal amount in liquidated and punitive damages and attorney's fees costs and expenses.

## DEMAND FOR JURY TRIAL

40.     Plaintiff hereby requests a trial by jury of all issues triable by jury.

## DESIGNATION OF PLACE OF TRIAL

41.     Plaintiff designates San Antonio, Texas as the place for trial.

## PUNITIVE DAMAGES

42.     A civilized society should not allow a company or its officers, mangers or supervisors or directors to retaliate against employees for having stood up for their rights.

Regardless of the shame and lament Defendants corruptive attempts to dissuade admirable act of standing up and addressing illegal activity by singling out those who have the courage to voice that which our society has deemed as heroic, should not be tolerated.  Accordingly, Defendants should be punished by awarding Plaintiff punitive damages thereby signaling to all potential abusers of the justice system, in Texas and the United States at large, that such misconduct will not be tolerated in our civilized by evil-doers like Defendants.

## PRAYER

**FOR THESE REASONS**, Plaintiff demand judgment against Defendants and pray for:

(A)  actual damages, including regular wages, overtime wages, back pay, front pay, lost benefits, mental anguish damages, and other compensatory damages;
(B)  liquidated damages as provided by the FLSA;
(C)  punitive damages;
(D)  attorneys' fees, expenses, expert fees, and costs of court in vindicating the rights of Plaintiffs;
(E)  equitable relief;
(F)  pre-judgment and post-judgment interest at the highest rate provided by law; and such other relief, at law or in equity, as the Court deems just and appropriate.

Respectfully submitted,


By:  _____/s/Glenn D. Levy_____
Glenn D. Levy
Texas Bar No. 12264925
906 West Basse Road, Suite 100
San Antonio, Texas  78212
Telephone:    210.822.5666
Facsimile:     210.822.5650
**ATTORNEY FOR PLAINTIFF**
**KIMBERLY A. GARCIA**